# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RAHEEM LA'MONZE PLATER,    )
                     )
          **Plaintiff,**    )
                     )
v.                     )     **Case No. CIV-22-780-R**
                     )
CHRISTINE TOPPING, et al.,    )
                     )
          **Defendants.**    )

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On November 8, 2022, Judge Erwin issued a Report and Recommendation wherein he recommended that the Amended Complaint be dismissed upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a). (Doc. No. 13). The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection.[1] Having conducted this review, the Court finds as follows.

Plaintiff's claims arise from his incarceration at a private prison facility. He contends Defendant failed to keep him safe from assault and to provide adequate mental health care following the assault. Plaintiff named Defendants Topping, Weaks, and Garrett

---

[1] Plaintiff is proceeding *pro se*, requiring that the Court construe his pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will not, however, act as an advocate on his behalf.

only in their official capacities. Although a § 1983 claim can be pursued against a government official acting in his or her official capacity—which is the same as suing the governmental unit employing that official—here Plaintiff is seeking relief from employees of a private prison. A private prison company may be held liable under 42 U.S.C. § 1983; however, its employees are not state actors subject to official capacity claims. *See Jones v. Barry*, 33 F. App'x 967, 971 n.5 (10th Cir. 2002); *Tenison v. Byrd*, 826 F. App'x 682, 687 (10th Cir. 2020). Accordingly, all § 1983 claims against Defendants Topping, Weeks, and Garrett are subject to dismissal. Plaintiff's objection to this portion of the Report and Recommendation is without merit and the Report and Recommendation is adopted with regard to the recommendation that these persons, who are sued only in their official capacities, be dismissed.[2]

As noted, Plaintiff seeks relief for injuries allegedly inflicted while incarcerated in a private prison, one operated by Defendant GEO Group. Judge Erwin recommends the Amended Complaint be dismissed with regard to GEO Group without prejudice because Plaintiff failed to allege that Defendant GEO had a policy or custom that caused the violation of his federal rights or that any such policy was enacted or maintained with deliberate indifference to the potential federal rights violation.[3] (Doc. No. 13, p. 4). In

---

[2] Amendment of the factual allegations would not provide a basis for relief against any of these defendants in their official capacities.

[3] Judge Erwin interpreted the Amended Complaint as raising two claims; however, the Amended Complaint includes a total of five claims, three arising under 42 U.S.C. § 1983 and two state law claims, one for fraud and one for the negligent infliction of emotional distress. In light of the Court's conclusion that Plaintiff should be permitted to amend his Complaint, it need not address the state law claims because Plaintiff may choose to amend those claims. Claim III, Plaintiff's third § 1983 claim, is levied against those official capacity Defendants who are subject to dismissal and against GEO Group. That claim is also subject to dismissal because Plaintiff fails to plead a policy or custom as discussed herein.

response Plaintiff cites to pages 11 and 13 of the Amended Complaint, which he contends

sufficiently alleges a policy or custom. Plaintiff alleges at page 11 of the Amended

Complaint with regard to Claim II that he informed his case manager and the unit manager

during late September or early October of 2020 of "homosexual activity occurring in cell

and requested a cell move. Defendants utilized unofficial policy or custom of 'NO HAPPY

MOVES' in reckless disregard of sexual assault." (Doc. No. 12, p. 11). Although Plaintiff

uses the terms "policy or custom" his allegations are too conclusory to state a claim against

GEO Group for Claim II.

> An official policy or custom may take one of the following forms:
>
> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions – and the basis for them – of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quotation and

alteration marks omitted). Merely referencing an alleged "no happy moves" policy or

custom without reference to facts to support any of the above theories is insufficient.

Additionally, the term "no happy moves" is not inherently descriptive. However, as argued

by Plaintiff, the Court finds that he should be granted leave to amend in an effort to state a

claim against GEO Group with regard to the alleged refusal to move him from his cell

despite his complaints.[4] The Report and Recommendation is hereby adopted with regard to dismissal of the claims against the GEO Group with leave to amend as set forth below.

As to the only individual Defendant named in an individual capacity, Judge Erwin recommends dismissal of Defendant Rowley, identified only in a single federal claim—Count I—because Plaintiff failed to allege sufficient personal participation. In response to the Report and Recommendation Plaintiff concedes his pleading of Count I was too broadly stated, but he cites to certain attachments to his Amended Complaint as a basis for concluding that he properly stated a claim. The Court disagrees, as none of those documents address Defendant Rowley. Those persons referenced in the attached requests to staff and grievances are named only in their official capacities, which, as explained by the Report and Recommendation and above, is not appropriate. Accordingly, the Report and Recommendation is adopted as to Claim I.

For the reasons set forth herein and to the extent consistent herewith, the Report and Recommendation is hereby adopted and Claims I and II are dismissed as to all Defendants. Additionally, Claim III, not addressed by the Report and Recommendation, is levied against only two Defendants, Dr. Weaks, in his official capacity, who has been dismissed, and GEO Group, but without any allegation of a policy or custom. Accordingly, Claim III is subject to dismissal. Plaintiff is hereby granted leave to file a Second Amended Complaint within thirty days of entry of this Order. Failure to do so will result in dismissal of this action without prejudice, including Claims IV and V, because the Court will decline

---

[4] There is no arguable basis in the Amended Complaint with regard to Claims I and III for finding a policy or custom by GEO Group based on the facts pled by Plaintiff.

to exercise supplemental jurisdiction over those claims in the absence of sufficiently pled

federal claims. *See* 28 U.S.C. § 1367(c).

**IT IS SO ORDERED** this 13th day of December 2022.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE