IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAHEEM LA'MONZE PLATER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-780-R |
| ) | |
| CHRISTINE TOPPING, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Raheem Plater[1] initiated this civil rights action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at the Lawton Correctional Facility. Defendants in this action include GEO Group, Inc., the entity that owns and operates the prison, and several employees of GEO Group that are sued in their individual capacity. Plaintiff's Second Amended Complaint [Doc. Nos. 19, 20-1] asserts two claims. First, he asserts that GEO Group, Christine Topping, and Case Manager Rowley acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Second, he asserts that GEO Group and Case Manager Garrett failed to protect him from a sexual assault in violation of the Eighth Amendment.

Defendants jointly filed a Motion to Dismiss/Motion for Summary Judgment,[2] which was referred to United States Magistrate Judge Shon T. Erwin in accordance with

---

[1] Because Plaintiff is proceeding *pro se*, the Court affords his materials a liberal construction but does not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] As Judge Erwin noted in his Report, Defendants' motion is not fully responsive to Plaintiff's allegations, makes arguments related to a defendant that was previously

28 U.S.C. § 636(b)(1). After the motion was fully briefed [Doc. Nos. 37, 38, 43, 45, 47), Judge Erwin issued a Report and Recommendation [Doc. No. 50] recommending that the Court (1) dismiss both claims asserted against GEO Group for failure to state a claim, (2) dismiss the claim against Defendant Topping for failure to state a claim, (3) grant summary judgment to Defendant Garrett on the failure to protect claim, and (4) deny dismissal and summary judgment to Defendant Rowley.

Defendants did not file an objection to Judge Erwin's Report and they have therefore waived further review of the issues addressed in the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Court therefore ADOPTS Judge Erwin's recommendation that the motion to dismiss/motion for summary judgment be denied with respect to the claim asserted against Defendant Rowley.

Plaintiff did file an Objection[3] [Doc. 51] and the Court must therefore make a de novo determination of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). Plaintiff has specifically objected to the

---

dismissed, and repeatedly conflates the pleading standard and summary judgment standard. Although the Court appreciates that it can sometimes be difficult to respond to allegations brought by a pro se litigant, that does not explain the deficiencies in Defendants' motion.

[3] Plaintiff titled his filing "Objection to Report and Recommendation/Plaintiff's Rule 56(d)(2) Motion for Leave to Conduct Discovery." Because this Court's Local Civil Rules require motions to be filed in separate documents, *see* LCvR7.1(c), the Court construes Plaintiff's filing as an Objection to the Report and Recommendation and not a separate motion.

recommended dismissal of the claims against GEO Group, Defendant Topping, and Defendant Garrett. Each is addressed in turn.

**A. GEO Group**

Plaintiff's Second Amended Complaint asserts that GEO Group failed to protect him from harm and acted with deliberate indifference to his serious mental health needs in violation of the Eighth Amendment.[4] Judge Erwin recommends these claims be dismissed for failure to state a claim because Plaintiff has not adequately alleged that a policy or custom of GEO Group caused any constitutional violation.

To succeed on a claim against an entity such as GEO Group, the plaintiff must, in addition to establishing an underlying constitutional violation, prove that (1) a government's official policy or custom (2) caused a constitutional injury and (3) the policy was enacted or maintained with the requisite state of mind. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). An official policy or custom may take one of the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions – and the basis for them – of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so

---

[4] The Second Amended Complaint names GEO Group as a defendant in both its official and individual capacity. Like Judge Erwin, the Court construes these claims as seeking to hold GEO Group liable under a theory of municipal liability. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("[C]aselaw from this and other circuits has extended the *Monell* doctrine to private § 1983 defendants.").

3

> long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quotation and alteration marks omitted).

Here, Plaintiff's allegations are too conclusory to state a claim for municipal liability. The Second Amended Complaints asserts that certain prison employees told Plaintiff that until "anything actually happened to Plaintiff he could not acquire a cell move due to the 'No Happy Moves' policy or custom." Doc. No. 20-1 at 8; *see also* Doc. No. 19 at 10. The Second Amended Complaint further asserts that Defendant Topping refused to transfer him due to a "policy" that required the investigation into his sexual assault allegations to first be completed. Doc. No. 19 at 9. Apart from these allegations, Plaintiff has not alleged any facts in support of any viable theory of municipal liability. Plaintiff's conclusory allegation that GEO Group maintains an unconstitutional policy are insufficient to state a plausible claim under § 1983.

In his Objection, Plaintiff argues that he has ample evidence demonstrating that GEO Group's policies caused him to be the victim of sexual assault and resulted in the failure to provide adequate mental health care. However, prior to evaluating whether Plaintiff's evidence is sufficient to withstand summary judgment, the Court must determine whether Plaintiff's operative pleading states a claim to relief. Importantly, this determination is made by "look[ing] to the specific allegations in the complaint" and not the additional allegations or evidentiary material included in Plaintiff's briefs. *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 n.2 (10th Cir. 2007); *see also Scott v. Hormel*, No.

CIV-18-395-SLP, 2019 WL 3935101, at *2 n.2 (W.D. Okla. Aug. 20, 2019) ("To the extent Plaintiff includes new factual allegations in his Objection, the new allegations are not determinative of whether Plaintiff adequately stated claims in his Complaint.").[5]

Plaintiff's operative pleading does not include sufficient factual content to state a plausible claim under § 1983 against GEO Group. Accordingly, consistent with Judge Erwin's recommendation, these claims are dismissed without prejudice.[6]

### B. Defendant Topping

The Second Amended Complaint asserts that Defendant Topping was deliberately indifferent to Plaintiff's serious mental health needs in violation of the Eighth Amendment. More specifically, Plaintiff alleges he submitted a request to Defendant Topping seeking removal from his cell because it was causing "psychological triggers of sexual assault" but the request was not granted. Doc. No. 20-1 at 6, 26. Judge Erwin recommends this claim be dismissed for failure to state a claim because Plaintiff has not adequately alleged that Defendant Topping was aware of any serious medical need.

---

[5] Indisputably authentic documents referred to in a complaint may be considered at the pleading stage. *Alvarado,* 493 F.3d at 1215. Additionally, under some circumstances, a "*Martinez* report may be considered part of the pleadings for purposes of Fed. R. Civ. P. 12(b)." *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). Defendants' motion refers to the *Martinez* report that was produced in this case. That report does not, however, shed any further light on GEO Group's alleged policies and is therefore not pertinent to determining whether Plaintiff's allegations state a claim.

[6] Defendants move for dismissal of GEO Group under Fed. R. Civ. P. 12(b)(6) but do not specifically raise the argument that Plaintiff failed to plausibly allege the elements of a municipal liability claim. Nevertheless, Judge Erwin's Report advised Plaintiff that his allegations with respect to these claims were insufficient and he had an opportunity to respond via his Objection.

To state a plausible claim for deliberate indifference to a serious medical need, the plaintiff must plead facts that satisfy both an objective and a subjective component. *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020). The objective component is met where the alleged deprivation is "sufficiently serious," i.e., a medical need that has "been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 989-90 (quotation marks omitted). The subjective component is met "if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (brackets and quotation marks omitted).

Here, Plaintiff alleges that Defendant Topping refused his request to remove him from his assigned cell following the alleged sexual assault. Like Judge Erwin, the Court finds that these allegations are not sufficient to satisfy the subjective component of the deliberate indifference standard. Plaintiff has alleged that he asked Defendant Topping for a cell reassignment following an alleged sexual assault, but neither the Second Amended Complaint nor its accompanying exhibits show that Defendant Topping had knowledge that Plaintiff was facing an excessive health risk by remaining in his assigned cell pending an investigation. Even if one could infer that Defendant Topping was aware that Plaintiff was uncomfortable remaining in the cell following the alleged sexual assault, the Second Amended Complaint does not allege that Defendant Topping knew that Plaintiff was suffering from a sufficiently serious mental health need. In his Objection, Plaintiff again

6

relies on factual assertions and evidence outside his operative pleading without first addressing the sufficiency of his allegations. Accordingly, the claim against Defendant Topping is dismissed without prejudice for failure to state a claim.

### C. Defendant Garrett

The Second Amended Complaint asserts that Defendant Garrett violated the Eighth Amendment by failing to protect Plaintiff from a sexual assault by another prisoner. In support of this claim, Plaintiff has provided an affidavit stating that he notified Defendant Garrett (a case manager at the jail) that he feared he would be a victim of sexual assault because his cell mate (a convicted murderer) engaged in sexual activity with another inmate and "had nothing to lose." Doc. No. 37-1 at ¶¶ 2-4. Plaintiff further avers that he was subsequently sexually assaulted by the cell mate on or about October 1, 2020.[7] Judge Erwin recommends that summary judgment be granted in Defendant Garrett's favor.[8]

To prevail on a failure to protect claim, a plaintiff must meet two requirements. First, "the prisoner must show that the conditions of his incarceration present an objective substantial risk of serious harm." *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008) (quotation marks omitted). "Second, the prisoner must show that prison officials had subjective knowledge of the risk of harm." *Id.* Put another way, "an official must both be

---

[7] Plaintiff has provided several conflicting statements regarding when the alleged assault occurred.

[8] Judge Erwin also found that Plaintiff stated a plausible failure to protect claim. Defendant Garrett waived further review of this issue by failing to object to this finding.

aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quotation omitted).

Here, even considering the evidence in the light most favorable to Plaintiff, no reasonable factfinder could conclude that Defendant Garrett was subjectively aware that Plaintiff faced a substantial risk of harm by remaining housed with his assigned cell mate. The record is replete with grievances, complaints, and mental health screenings submitted by Plaintiff, but none of the documents from the relevant time period suggest that Plaintiff was concerned about being sexually assaulted by his cell mate. Additionally, as even Plaintiff acknowledges, Defendant Garrett was not his case manager at the time, *see* Doc. No. 37-1 at ¶ 2, and there is no indication that he voiced his concerns to his assigned case managers. To show that Defendant Garrett failed to protect him from the alleged sexual assault, Plaintiff relies exclusively on his own affidavit. However, at most, this establishes that Plaintiff complained about his cell mate engaging in sexual relations with another inmate. This generalized complaint does not show that Defendant Garrett was aware that Plaintiff faced a "substantial risk" of sexual assault by remaining in his assigned cell. Plaintiff does not assert that he reported any mention of threats, intimidation, or nonconsensual sexual behavior by the cell mate to Defendant Garrett, and Plaintiff does not identify any other evidence showing that he expressed any similar concerns during the relevant period. *See Oakleaf v. Frawner*, No. 15-CV-0220, 2016 WL 9777162, at *5 (D.N.M. June 2, 2016), *report and recommendation adopted*, No. 15-CV-0220, 2016 WL 10179304 (D.N.M. July 19, 2016) (finding that inmate's "general warning" that she was at risk of sexual assault in the general prison population was "not enough" to show that prison

official was subjectively aware of any risk). Plaintiff's evidentiary submissions are insufficient to create a question of fact for the jury as to whether Defendant Garrett knew of and disregarded a risk to Plaintiff's safety.[9] Defendant Garrett is therefore entitled to summary judgment.

## CONCLUSION

After conducting a de novo review, the Court ADOPTS the Report and Recommendation [Doc. No. 50]. Defendants' Motion to Dismiss/Motion for Summary Judgment [Doc. No. 35] is GRANTED in part and DENIED in part. As set out above, the claims asserted against GEO Group are dismissed without prejudice for failure to state a claim, (2) the claim against Defendant Topping is dismissed without prejudice for failure to state a claim, (3) summary judgment is granted in favor of Defendant Garrett, and (4) dismissal and summary judgment are denied with respect to the claim asserted against Defendant Rowley in her individual capacity.

IT IS SO ORDERED this 18th day of December 2023.

*[signature]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[9] Plaintiff's request under Fed. R. Civ. P. 56(d) to conduct additional discovery is denied because he has not identified any probable facts that cannot currently be presented that speak to Defendant's Garrett's knowledge of the risk of harm to Plaintiff. *See Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (setting out requirements for a motion under Rule 56(d)).